UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CARL REX CUNNINGHAM, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-477-TS |
| | ) | |
| LAPORTE COUNTY JAIL, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Carl Cunningham filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the revocation of a suspended sentence he received on a judgment of conviction for robbery entered against him on October 11, 2002, by the LaPorte Circuit Court. A district court is obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rules Governing § 2254 Cases, R. 4. This rule imposes on district courts a gatekeeping responsibility to sift through habeas corpus petitions and to dismiss those petitions which obviously lack merit.

The Petitioner states that he did not appeal his conviction. He filed two requests for sentence modification with the trial court, but he did not appeal either of them to the Indiana Court of Appeals because the modifications were granted. In 2004, he was removed from the LaPorte Community Corrections program, and his suspended sentence was revoked. In his petition, he states that he recently learned that his federal due process rights were violated in the proceeding that resulted in the revocation of his suspended sentence. The Petitioner does not state that he presented his recently discovered due process claims to the state courts.

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state

prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before seeking federal review of those claims. *O'Sullivan v. Boerckel*, 526 U.S. 383, 844 (1999). Because the Petitioner's request for a writ of habeas corpus establishes that he has not exhausted his state court remedies on the issues he wishes to present to this Court, his petition must be dismissed because it plainly appears from the face of the petition that he is not entitled to relief.

For the foregoing reasons, the Court **DISMISSES** this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(b)(1)(A).

SO ORDERED on November 5, 2007.

        s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT